UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23530-Civ-SCOLA/TORRES

CHERYL LAMP MUNCH,

    Plaintiff,

v.

M/V *FOXIE*, 40-FOOT OCEAN TRAWLER,
CERTAIN UNAMED 35-FOOT ERICKSON SAILBOAT,
and CHARLES B. ALLEN,

    Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S RENEWED MOTION TO AMEND FINAL DEFAULT
JUDGMENT**

This matter is before the Court on Cheryl Lamp Munch's ("Plaintiff") renewed motion to enter an amended final default judgment. [D.E. 34]. Defendant Charles B. Allen ("Allen") did not file a response, and the time to do so has passed. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion and the record presented, Plaintiff's motion to amend the final default judgment should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On March 8, 2021, the Honorable Robert N. Scola, Jr. referred Plaintiff's motion to the Undersigned for disposition. [D.E. 35].

## I.    BACKGROUND

Plaintiff alleges that she suffered damages because Allen failed to pay dockage fees for rental space owned by her. [D.E. 1]. After Allen never appeared in this case, the Court granted Plaintiff's motion for entry of default judgment and entered a judgment in Plaintiff's favor and against Allen. [D.E. 23]. The Court also entered an order directing the U.S. Marshal to sell the Defendant Vessels at public auction. [D.E. 22]. At the auction, Plaintiff purchased both Defendant Vessels for $200.00 total and later paid to destroy the vessels. Plaintiff then moved to amend the final judgment [D.E. 32], but the Court denied the motion without prejudice for several reasons, including failing to cite to legal support and not providing documentation for attorneys' fees [D.E. 33].

On March 8, 2021, Plaintiff filed this renewed motion. [D.E. 34]. Plaintiff seeks to amend the final judgment from $56,011.58 to $113,260.51 to recuperate expenses and costs incurred since the Court's entry of final default judgment. Additionally, Plaintiff requests an order directing Allen to complete a fact information sheet to help identify additional assets upon which Plaintiff can collect on the judgment.

## II.    ANALYSIS

Plaintiff's amended motion first seeks to add the following new expenses and costs on top of what was already awarded in the final default judgment: (1) $19,821.01 in *custodia legis* expenses, (2) $1,318.90 in Marshal's expenses, (3) $15,899.45 in

attorneys' fees, (4) $274.22 in costs, and (5) $20,135.45 in expenses to dispose of and destroy the Defendant Vessels. The amended motion also seeks to reduce Plaintiff's total request by $200.00 to offset her purchase of the Defendant Vessels.

Plaintiff argues that it is proper, although rare, to amend and update a final judgment post-interlocutory sale. To make this argument, Plaintiff relies solely on *Texas Gulf Bank, N.A. v. M/V Reliant*, 2006 WL 2556940, *1 (M.D. Fla. Sept. 1, 2006). In *M/V Reliant*, a default judgment was entered in favor of the plaintiff bank after the defendant defaulted on a mortgage that was secured by the defendant's vessel. 2006 WL 2556940, at *1. After the plaintiff purchased the vessel for $8,000 at a sale, it then moved for an amended judgment reflecting the credit from the purchase and certain *custodia legis* fees. *Id.* The District Court granted the unopposed amended motion. *Id.*

We agree with Plaintiff that *M/V Reliant* is instructive here regarding her request to credit the $200.00 against the final judgment and amend her request for *custodia legis* expenses. The new *custodia legis* expenses Plaintiff is requesting is for custody and storage fees for the Defendant Vessels from October 8, 2020 (the final judgment included these fees prior to this date) until respectively December 16, 2020 and December 17, 2020 (the dates each Defendant Vessel was removed and destroyed).[2] However, the Defendant Vessels were both purchased by Plaintiff on

---

[2] Plaintiff double counts two $1,500 disposal charges in the motion, one time in the request for *custodia legis* expenses and one time in the request for destruction expenses. We count them with the request for destruction expenses.

November 25, 2020, so they were no longer Allen's responsibility at that point. While we admire Plaintiff for trying to donate the Defendant Vessels before destroying them, she provides no legal support as to why Allen is responsible for the charitable gesture. Allen should therefore only be liable for the *custodia legis* expenses through November 25, 2020, which totals $36,176.36.

For Plaintiff's remaining requests, she has not provided any legal authority to support amending a final default judgment to collect destruction fees, Marshal's fees, attorneys' fee, nor costs. And Plaintiff has failed to provide any billing entries or affidavits to support the attorneys' fees or taxable costs. *See ACLU of Ga. v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999) ("[C]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). Plaintiff' should thus not receive her request for the remaining expenses.

As a result, Plaintiff's renewed amended motion for final default judgment should be **GRANTED in part** and **DENIED in part** with a total award of $69,580.58.

Last, Plaintiff requests the Court to order Allen to fill out the Florida state-court Fact Information Sheet attached to her motion as Exhibit 2 within 45 days of it being served and/or delivered via express mail to his last known address.

As a judgment creditor, Plaintiff is entitled to "broad discovery" into Allen's assets, whether held individually or jointly. Rule 69(a) provides, in part, the

4

following:

> [i]n aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a).

"Under this Rule, discovery may be had of the judgment debtor or third persons without separate suit and, if discovery is pursued under the federal rules . . . all the discovery devices of the Rules may be used as in the progress of the action." *Caisson Corp. v. Cty. W. Bldg. Corp.,* 62 F.R.D. 331, 334 (E.D. Pa. 1974). Under Rule 69, a court also looks both to the Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure. *See* Fed. R. Civ. P. (69)(a)(2) (a judgment creditor "may obtain discovery from any person . . . as provided in these rules or by the procedure of the state where the court is located."). Therefore, both the Federal Rules of Civil Procedure and Florida Rule of Civil Procedure 1.560, which allows for discovery from "any person, including the judgment debtor, in the manner provided in these rules", apply here.

Indeed, Florida Rule of Civil Procedure 1.560(b) states that in any final judgment the prevailing party may request a court to instruct the judgment debtor to complete under oath the Florida Rule of Civil Procedure Form 1.977 Fact Information Sheet. *See* Fla. R. Civ. P. Rule 1.560(b). Several courts in this District have required judgment debtors to complete a fact information sheet as set forth in

5

Fla. R. Civ. P. Form 1.977. *See Eddy Leal, P.A. v. Bimini Dev. of Vill. W. Corp.*, 2018 WL 3672244, at *1 (S.D. Fla. May 7, 2018); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1359 (S.D. Fla. 2015); *Whitwam v. JetCard Plus, Inc.*, 2014 WL 6433226, at *2 (S.D. Fla. Nov. 13, 2014).

Therefore, Plaintiff's request for the Court to order Allen to complete and return the Fact Information Sheet to Plaintiff should be **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's [D.E. 34] renewed motion to amend the final default judgment should be **GRANTED in part** and **DENIED in part** with an award of $4,200 in dockage expenses, $36,176.36 in *custodia legis* expenses, $1,469.24 in Marshal's expenses, $27,455.00 in attorneys' fees, and $479.98 in costs. And with the $200.00 credit applied, the total award is $69,580.58. Further, the Court should order Allen to complete and return to Plaintiff the Florida state-court Fact Information Sheet attached to Plaintiff's motion as Exhibit 2 within forty-five (45) days of it being served and/or delivered via express mail to his last known address.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual

or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 28th day of April, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge