United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cheryl Lamp Munch, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| M/V *Foxie*, 40-Foot Ocean Trawler, her engines, tackle, apparel, furniture, equipment, auxiliary vessels, and all other necessaries appertaining and belonging in rem, | ) |
| and | ) Civil Action No. 20-23530-Civ-Scola |
| Certain Unnamed 35-Foot Erickson Sailboat, her engines, tackle, apparel, furniture, equipment, auxiliary vessels, and all other necessaries appertaining and belonging in rem, | ) |
| and | ) |
| Charles B. Allen, Defendants. | ) |

### Order Adopting Magistrate Judge Order

This case is before the Court upon the Plaintiff Cheryl Lamp Munch's objections to the report and recommendation of the United States Magistrate Edwin G. Torres. (ECF No. 38.) The court referred to Judge Torres the Plaintiff's renewed motion to amend final default judgment. (ECF No. 35.) On April 28, 2021, Judge Torres entered an order recommending that this Court grant in part and deny in part the Plaintiff's motion. (ECF No. 37.) The Plaintiff filed objections to the report. (ECF No. 38.) The Defendant Charles B. Allen has not appeared in this action and did not file any objections or response to the Plaintiff's objections. For the reasons below, the Plaintiff's objections are **overruled (ECF No. 38)**, Judge Torres's order is **adopted (ECF No. 37)**, and the Plaintiff's motion to amend final default judgment is **granted in part and denied in part. (ECF No. 34.)**

1. **Background**

In her complaint, Plaintiff alleges that she suffered damages because

Defendant failed to pay dockage fees for rental space owned by the Plaintiff. (Compl., ECF No. 1). Defendant Charles B. Allen never appeared in this case. The Plaintiff moved for entry of a default judgment in the amount of $56,011.58, which she supported with her sworn declaration and invoices. (ECF Nos. 20, 20-1).

On October 29, 2020, this Court granted the Plaintiff's motion for entry of default judgment and entered a judgment in the Plaintiff's favor and against Defendant Allen for $56,011.58. (ECF No. 23). That same day, this Court also entered an order directing the U.S. Marshal to sell the Defendant Vessels at public auction pursuant to the applicable rules. (ECF No. 22). The Plaintiff purchased both Defendant Vessels at public auction for $200 total and later paid to destroy and dispose of the vessels.

The Plaintiff then moved to amend the final default judgment to recuperate expenses incurred after the entry of the default judgment and related to the auction proceedings and disposal of the vessels for a total award of (ECF No. 32). The Plaintiff indicated that she had incurred additional attorney's fees and costs and expenses related to the disposal of the vessels. The Plaintiff also moved to compel the defendant to complete and return a fact information sheet to aid in collection efforts. The Court denied the motion without prejudice. (ECF No. 33.) Specifically, the Court noted that the Plaintiff had failed to support the motion with any legal authority and had not supported her application for additional attorney's fees and costs with billing entries or counsel's affidavit.

The Plaintiff filed a renewed motion on March 8, 2021, seeking to amend the final judgment from $56,011.58 to $113,260.51 to recuperate expenses and costs incurred since the Court's entry of final default judgment. (ECF No. 34.) Additionally, Plaintiff requests an order directing Allen to complete a fact information sheet to help identify additional assets upon which Plaintiff can collect on the judgment.

Judge Torres recommended that the motion be granted in part and denied in part. Judge Torres recommended reducing the Plaintiff's additional *custodia legis* expenses to include expenses incurred from the date of the final judgment until the day of the sale and denying the Plaintiff's request for attorney's fees and costs, and destruction costs and Marshal's fees. Judge Torres also recommended granting the Plaintiff's request to order the Defendant to complete and return the fact information sheet. The Plaintiff objects only to Judge Torres's findings with respect to attorney's fees and costs, Marshal's fees, and destruction costs.

Having considered Judge Torres's report *de novo*, the objections, the record, and the relevant legal authorities, the Court finds Judge Torres's report

and recommendation cogent and compelling.

## 2. Analysis

Turning first to the uncontested recommendations. The Court adopts Judge Torres's recommendation to amend the judgment to include additional *custodia legis* expenses incurred after the entry of the judgment through the sale of the vessels. *See Texas Gulf Bank, N.A. v. M/V Reliant*, 2006 WL 2556940, *1 (M.D. Fla. Sept. 1, 2006) (Steele, J.). Accordingly, the judgment is amended to include $36,176.36 in *custodia legis* expenses. The Court also adopts Judge Torres's recommendation directing the Defendant to complete and return to the Plaintiff a fact information sheet to aid in execution of the judgment. Fed. R. Civ. P. 69 (allowing discovery in aid of the judgment or execution); *see also TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1359 (S.D. Fla. 2015) (Moore, J.).

Next, Judge Torres recommends that the Plaintiff's request for attorney's fees and costs be denied because it is unsubstantiated by any billing entries or affidavits to support the attorney's fees and costs. The Plaintiff argues that she previously did not support her request for attorney's fees and costs related to the default judgment. However, the Plaintiff fails to acknowledge that this Court denied the original motion to amend the judgment specifically for failing to support her request for attorney's fees and costs with billing entries or counsel's affidavits. Indeed, the Court has an obligation to review applications for attorney's fees and costs, particularly here, where the Plaintiff seeks to amend the judgment by over $50,000. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("[C]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). The Plaintiff submits that *now* she can submit support for attorney's fees in addition to her own declaration and attaches counsel's affidavit attesting that the Plaintiff has incurred approximately $51,891.10 in attorney's fees and $479.98 in costs. This offering is belated considering this Court's prior order denying the motion to amend the judgment and is again unsupported by any billing entries or invoices. The Court has an obligation to review the reasonableness of the hours incurred at specific rates, and without more, the Court is unable to do so. Accordingly, the Plaintiff's objection is overruled, and Judge Torres's report is adopted on this ground.

Lastly, Judge Torres recommends denying the Plaintiff's request to amend the judgment to include additional Marshal's fees and destruction costs because the Plaintiff fails to cite to any legal authority supporting same. The

Plaintiff objects to both recommendations by rehashing arguments raised before Judge Torres. However, those arguments are unavailing, like Judge Torres determined, because they seek to amend the judgment without citing any authority that an amendment is appropriate under the circumstances. The Plaintiff generally relies on 28 U.S.C. § 1920, which permits the court to tax as costs fees of the clerk and marshal. However, she offers no legal authority that permits amending a judgment because the Plaintiff incurred additional Marshal's costs after entry of the judgment. Similarly, the Plaintiff argues that she should be reimbursed for destruction costs because she was forced to incur them as a result of the Defendant's misconduct. Yet, the Plaintiff cites no legal authority allowing amendment to the judgment for destruction fees incurred after entry of same. For these reasons, the Plaintiff's objections are overruled and Judge Torres's recommendations are adopted.

3. **Conclusion**

For these reasons, the Plaintiff's objections are **overruled (ECF No. 38)** and the Court adopts the findings and conclusions in Judge Torres's order **(ECF No. 37)**. Accordingly, the Plaintiff's renewed amended motion for final default judgment is granted in part and denied in part (ECF No. 34.) and the default judgment is amended to an award of **$69,580.58**.

The Plaintiff is directed to serve the Defendant with the fact information sheet by **July 9, 2021**. The Defendant must return the document to the Plaintiff by no later than **July 30, 2021**.

**Done and ordered** at Miami, Florida on June 22, 2021.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Charles B. Allen
8403 Philadelphia Avenue
Spring Hill, FL 34608