United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cheryl Lamp Munch, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23530-Civ-Scola |
| | ) |
| Charles B. Allen et al., Defendants. | ) |

### Order

In this matter, the Plaintiff purports to garnish an account ending in 5176 that is held at Merrill Lynch, Pierece, Fenner & Smith ("Merrill Lynch") in the names of Defendant/Debtor Charles B. Allen II and non-party Jacqueline Frank as joint tenants with rights of survivorship. (ECF No. 76 at ¶ 3a.) Before the Court is Judge Torres' Amended Report (ECF No. 83), which recommends granting Plaintiff/Judgment Creditor Cheryl Lamp Munch's motion for judgment in garnishment of the Merrill Lynch account. (ECF No. 79.)

Ms. Frank, acting pro se, has twice written to this Court to contest any garnishment of funds she owns. (ECF Nos. 75, 85.) The Court construed the first letter to be a motion to dissolve the writs of garnishment procured by the Plaintiff (ECF No. 75) and referred the motion to Judge Torres on August 9, 2022. (ECF No. 78.) The Court construed Ms. Frank's last letter to be an objection (ECF No. 85) to Judge Torres' Amended Report.

A district court judge must conduct a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Having conducted a de novo review, the Court **remits** the Amended Report (**ECF No. 83**), the Plaintiff's motion (**ECF No. 79**), and the associated motion to dissolve the writs (**ECF No. 75**) to Judge Torres for further consideration as set forth below.

There are two ways to challenge a writ of garnishment: "(1) on motion of the debtor challenging the truth of the allegations in the creditor's petition for the writ [under Fla. Stat. § 77.07]; or (2) on an affidavit of a third party claiming the garnished property belongs to the third party and not the debtor [under Fla. Stat. § 77.16]." *Harborside Suites, LLC v. Rosen*, 261 So. 3d 664 (Fla. 3d DCA 2018).

Judge Torres correctly found that Ms. Frank did not file the required affidavit to proceed under Section 77.16. However, Ms. Frank's objection now makes clear that her motion was also meant to challenge the garnishment of

the Merrill Lynch account. (ECF No. 85.) Sensible to the limitations on pro se parties, the Court finds further consideration to be appropriate.

Now, to the extent the Court deems Ms. Frank's challenge via motion valid, it would appear that the Plaintiff may not be entitled to garnish the entirety of the Merrill Lynch account because "in a joint tenancy with right of survivorship each party owns his or her separate share of the property such that a creditor of one joint owner may attach *that owner's share* of the account to satisfy that owner's debt." *Versace v. Uruven, LLC*, 348 So. 3d 610, 612 (Fla. 4th DCA 2022) (emphasis added). Indeed, "[w]hen the account contains more than one name and a third party named on the account claims ownership of the account's funds, the *garnishor* must prove that the garnished funds belong exclusively to the debtor." *Stanbro v. McCormick 105, LLC*, 213 So. 3d 925, 927 (Fla. 4th DCA 2017) (emphasis added) (citing *BB&T Co. v. Ark Dev./Oceanview, LLC*, 150 So. 3d 817, 820 (Fla. 4th DCA 2014)). This explains why, "[b]efore a final judgment in garnishment is entered, the trial court should conclusively determine the interests in the funds and the applicable law thereto. Property which is not actually and in good conscience deemed to be owned by the debtor may not be secured by the judgment creditor." *Id.* (cleaned up).

Accordingly, the Court **remits** the Amended Report (**ECF No. 83**) and **re-refers** Ms. Frank's motion (**ECF No. 75**)[1] to Judge Torres for further proceedings consistent with this Order and an updated report and recommendations concerning the Plaintiff's motion (**ECF No. 79**), which is also hereby **re-referred** to Judge Torres for the same purpose, consistent with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules.

The Court directs the Clerk to **mail** a copy of this Order to Ms. Frank.

**Done and ordered** at Miami, Florida, on January 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Jacqueline Frank
8403 Philadelphia Avenue Spring Hill, Florida 34608

---

[1] In addition to challenging the garnishment of the Merrill Lynch account in her motion, Ms. Frank challenges the garnishment of two Bank of America accounts. The Court remarks that one of these Bank of America accounts' situs appears to be Connecticut, and that this Court has previously held that it lacks the jurisdiction to issue a writ of garnishment in respect of bank accounts held outside of Florida. *See Skulas v. Loiselle*, 09-60096-CIV, 2010 WL 1790439, at *3 (S.D. Fla. Apr. 9, 2010) (O'Sullivan, Mag. J.), *report and recommendation adopted*, 09-60096-CIV, 2010 WL 1790433 (S.D. Fla. May 5, 2010) (Seitz, J.)