## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23530-Civ-SCOLA/TORRES

CHERYL LAMP MUNCH,

     *Plaintiff,*

v.

M/V *FOXIE*, 40-FOOT OCEAN TRAWLER,
CERTAIN UNAMED 35-FOOT ERICKSON SAILBOAT,
and CHARLES B. ALLEN,

     *Defendants.*

_____/

## REPORT AND RECOMMENDATION
## ON PENDING MOTIONS

This matter is before the Court on Cheryl Lamp Munch's ("Plaintiff") Motion for Final Judgment in Garnishment in connection with an account ending in 5176 held at Merrill Lynch, Pierece, Fenner & Smith ("Merrill Lynch"). [D.E. 79]. Also before the Court are pro-se non-party Jacqueline Frank's ("Ms. Frank") and pro-se Defendant Charles B. Allen's ("Mr. Allen") Motions to Dissolve Writs of Garnishment and Release Funds. [D.E. 75 & 90]. After careful consideration of the motions and the record presented, Plaintiff's Motion for Final Judgment in Garnishment should be **GRANTED,** and Ms. Frank's and Mr. Allen's motions should be **DENIED**.[1]

---

[1]    The instant motions were referred by the Honorable Robert N. Scola to the Undersigned for disposition. [D.E. 80, 88 & 91].

## I.    BACKGROUND

This case arose form a dispute over unpaid dockage fees for rental space owned by the Plaintiff.    In essence, Mr. Allen ceased to make his monthly dockage payments and abandoned his vessels in Plaintiff's property, causing her damages in the form of owed arrears and costs stemming from the custody, storage, and ultimate disposal and destruction of the vessels.

On June 22, 2021, this Court entered an Order Adopting Magistrate Judge Order amending the Default Final Judgment in the amount of $69,580.58, with interest accruing thereafter by law at the statutory rate, in favor of Plaintiff and against Mr. Allen in this case.    [D.E. 39] (the "Judgment").    On July 20, 2022, the Clerk of Court issued Writs of Garnishment directed to Bank of America and Merrill Lynch ("Garnishees") that were served on the Garnishees on July 21, 2022.

On July 22 and August 5, 2022, Bank of America and Merrill Lynch served their respective Answers to the Writs.    [D.E. 72 & 76] (the "Answers").    Bank of America's Answer identified two bank accounts jointly owned by Mr. Allen and Ms. Frank: one ending in 4103 with a balance of $4,152.04, and one ending in 9160 with a balance of $920.56.    [D.E. 72].    Merrill Lynch's Answer likewise disclosed indebtedness, as of July 27, 2022, in the approximate amount of $11,966.85 in the form of cash and securities maintained on an account jointly owned by Mr. Allen and Ms. Frank.    [D.E. 76].

Plaintiff timely served the notices required by Fla. Stat. § 77.041(2) and Fla. Stat. § 77.055 upon Defendant/Judgment Debtor Charles B. Allen as well as non-party Jacqueline Frank.   [D.E. 74 & 77].   Despite notice of such service on the docket, Defendant/Judgment Debtor Charles B. Allen did not timely serve a claim of exemption as required by Fla. Stat. § 77.041(1).

On August 4, 2022, however, non-party Ms. Frank filed a pro-se motion challenging the writs of garnishment and requesting their immediate dissolution. [D.E. 75].   According to Ms. Frank—who had known Mr. Allen for over 40 years—she and not Mr. Allen was the owner of the garnished funds and, as such, her bank accounts should not be subjected to garnishment for Mr. Allen's individual debts. Among other things, Ms. Frank pointed out that the Bank of America's account ending in 4103 was opened in Connecticut and its funds derived from her IRA account and Social Security payments.   *Id.*   As to the Merrill Lynch funds, Ms. Frank explained that the account was an investment account, the funds of which were meant to be used only in dire circumstances.   *Id.*

On December 5, 2022, the undersigned issue a Report and Recommendation ("R&R") recommending that Plaintiff's motion for judgment in garnishment of the Merrill Lynch account be granted.   [D.E. 83].   On December 12, 2022, Ms. Frank filed an objection to the R&R, stressing that she was not related to Mr. Allen and that the funds in the Merrill Lynch account were specifically reserved for their funeral

and burial expenses. [D.E. 85].   Upon review of the objections, this Court remitted

the R&R to the undersigned for further consideration, noting that:

> [T]o the to the extent the Court deems Ms. Frank's challenge via motion
> valid, it would appear that the Plaintiff may not be entitled to garnish
> the entirety of the Merrill Lynch account because "in a joint tenancy
> with right of survivorship each party owns his or her separate share of
> the property such that a creditor of one joint owner may attach *that
> owner's share* of the account to satisfy that owner's debt." *Versace v.
> Uruven, LLC*, 348 So. 3d 610, 612 (Fla. 4th DCA 2022) (emphasis added).

[D.E. 88].

On July 6, 2023, Mr. Allen filed a pro-se letter styled a as motion for the release

of funds.   [D.E. 90].   In the letter/motion, Mr. Allen informs the Court that

Ms. Frank passed away on June 29, 2023, and requests that the funds in the Merrill

Lynch account, as well as those in the Bank of America account ending in 4103, be

released immediately.   The motion explains that the funds are "our end of life funds",

and that Mr. Allen is in poor health.   *Id*.

## II.   ANALYSIS

### A.   *Bank of America Accounts*

As a threshold matter, and as conceded by Plaintiff's response, [D.E. 93 at 5–

6], the writ of garnishment served upon Bank of America on July 21, 2022, is now

dissolved by operation of law.   Thus, to the extent that any of these funds remain

restricted, any restrictions should be lifted immediately.

In relevant part, the Florida statute governing the dissolution of writs provides

that: "[i]f the plaintiff fails to file a dismissal or motion for final judgment within 6

months after filing the writ of garnishment, *the writ shall automatically be dissolved* and the garnishee shall be discharged from further liability under the writ."   Fla. Stat. § 77.07(5) (emphasis added).

Here, the Judgment Creditor concedes that she did not take any further action regarding the funds held by Garnishee Bank of America following the issuance of the writ.   [D.E. 93 at 6].   In contrast to the Merrill Lynch account, Plaintiff did not pursue a final judgment as to the Bank of America funds nor did she move to renew the writ of garnishment.   *Id.*   Accordingly, we agree that the writ of garnishment served upon Bank of America on July 21, 2022, has been dissolved by operation of law.

Further, by virtue of the joint tenancy with rights of survivorship, Mr. Allen became the sole holder and owner of these accounts upon Ms. Frank's death on June 29, 2023.   *See Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 53 (Fla. 2001) ("In a joint tenancy with right of survivorship, each person has only his or her own separate share ("per my"), which share is presumed to be equal for purposes of alienation; whereas, for purposes of survivorship, each joint tenant owns the whole ("per tout"), so that upon death the remainder of the estate passes to the survivor. Accordingly, all the funds in the Bank of America accounts should be made available to Mr. Allen immediately.

5

**B.** _**Merrill Lynch Account**_

As to the Merrill Lynch account, however, we are unable to find a valid basis for dissolving the writ of garnishment.   This conclusion follows from two main reasons: first, it is now undisputed that Mr. Allen owns the entirety of the funds in the Merrill Lynch account, and secondly, these funds do not fall under any of the statutory exemption to garnishment.

As noted earlier, the District Judge remitted our prior R&R recommending entry of final judgment in garnishment due to Ms. Frank's factual objections to Plaintiff's equal share distribution argument over the Merrill Lynch account.   _See_, _e.g._, _Allen v. Gordon_, 429 So. 2d 369, 370 (Fla. 1st DCA 1983) (departing from equal share analysis of a joint tenancy where the evidence "was sufficient to establish that [co-owner 1's] name was included on the signature cards strictly for the convenience of [co-owners 2 and 3]").   Unfortunately for Mr. Allen, the same legal principles of survivorship that entitle him to full ownership over the Bank of America accounts, also render any ownership dispute as to the Merrill Lynch account moot.   Upon Ms. Frank's regrettable passing, Mr. Allen became the sole title holder and owner of the Merrill Lynch funds.   _See Beal Bank, SSB_, 780 So. 2d at 53; [D.E. 76 at 2] (expressly describing the account as a joint tenancy with rights of survivorship ("JTWROS")).

As to any purported exemption to garnishment, it is undisputed that Mr. Allen failed to comply with the statutory deadlines governing the filing of claims of exemption.   Indeed, despite receiving notice of service of the writs of garnishment,

Mr. Allen did not timely serve a claim of exemption as required by Fla. Stat. § 77.041(1). *See Zivitz v. Zivitz*, 16 So. 3d 841, 848 (Fla. 2d DCA 2009) ("nothing precluded the trial court from concluding that [judgment debtor] had abandoned his homestead exemption claim over the monies [] by failing to timely file an exemption claim"); *Wiand for Valhalla Inv. Partners, L.P. v. Lee*, No. 8:10-CV-210-T-17MAP, 2013 WL 12198454, at *2 (M.D. Fla. Oct. 31, 2013) ("Florida courts rigidly apply Chapter 77's requirements. Indeed, Florida courts have consistently adhered to such a time-honored standard for both the judgment creditor and the judgment debtor, reasoning that garnishment is a creature of statute.").

But even if we were to overlook the untimeliness of Mr. Allen's exemption claim, the motion still fails on its merits because the funds do not fall under any of the statutory exemptions to garnishment prescribed by Fla. Stat. § 77.041.

"Garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Zivitz*, 16 So. 3d at 847. The exemptions from garnishment include wages that fall into the following categories: head of family wages, social security benefits, supplemental security income benefits, public assistance (welfare), workers' compensation, reemployment assistance or unemployment compensation, veterans' benefits, retirement or profit-sharing benefits or pension money, life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract, disability income benefits, prepaid

7

college trust fund or medical savings account, or other exemptions as provided by law. Fla. Stat.§ 77.041(1).

According to Ms. Frank's motion, the funds in the custody of Garnishee Merrill Lynch were placed in an "investment account" that was "mainly dormant and only to be used in the most dire of circumstances."   [D.E. 75]; *see also* [D.E. 85] (noting that the funds were "specifically designated for our funeral and burial expenses"). Mr. Allen likewise asserts in his motion that the writ should be dissolved immediately because the garnished funds are "end of life funds."   [D.E. 90]. Unfortunately for Mr. Allen, the statutory provision that govern garnishment exemptions in Florida—and which we are obliged to strictly enforce—do not list this intended purpose as one of the limited exemptions from garnishment.   Accordingly, the motions to dissolve should be DENIED.   *See Ricci v. Exch. Miami*, LLC, No. 1:18-CV-24146, 2020 WL 13401243, at *2 (S.D. Fla. Sept. 14, 2020) (denying motion to dissolve grounded on economic hardship because "[t]his too is not an exemption.").

Although we sympathize with Mr. Allen's unfortunate circumstances, our hands are tied by the plain language of the statute and its application to the situation at hand.   *See Williams v. Espirito Santo Bank of Fla.*, 656 So.2d 212, 213 (Fla. 3d DCA 1995) ("It is fundamental that garnishment statutes must be strictly construed.").   The fact remains that Mr. Allen is a judgment debtor due to an undisputed breach of contract that resulted in significant economic injury to the Plaintiff.   In execution of this outstanding judgment, Plaintiff has sought to garnish

Mr. Allen's assets—as she is entitled to under the law—and we find no legal basis for precluding her from exercising this legal resource under the circumstances.

### III.   CONCLUSION

For the foregoing reasons, Ms. Frank's and Mr. Allen's Motions to Dissolve the Writs of Garnishment and Release Funds [D.E. 75 & 90] should be **DENIED**, and Plaintiff's Motion for Judgment in Garnishment against Merrill Lynch [D.E. 79] should be **GRANTED**.

As to the funds in the Bank of America accounts, Mr. Allen's motion [D.E. 90] should be **DENIED as moot** because, as explained earlier, the Writ of Garnishment served on Bank of America automatically dissolved by operation of law.   Thus, all funds in the Bank of America accounts should be made available to Mr. Allen immediately.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.   Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 28th day of

July, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

10