United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Cheryl Lamp Munch, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23530-Civ-Scola |
| | ) |
| Charles B. Allen, et al., | ) |
| Defendants. | ) |

**Order on the Magistrate Judge's Report and Recommendations**

This matter is before the Court on Magistrate Judge Edwin G. Torres's July 28, 2023, report and recommendations (the "Report") on pending motions relating to the Plaintiff Cheryl Lamp Munch's efforts to collect on the judgment entered in this case in her favor and against the Defendant Charles B. Allen. Munch did not file any objections to the Report. Allen however, appearing pro se, filed a letter addressed to the Court, which, though not specifically addressed to the Report, clearly objects to some of the conclusions therein. (*See* ECF No. 96.)[1] The Court has reviewed the report, the record, and the relevant legal authorities. For the reasons set forth below, the Court **adopts in part and declines to adopt in part** the Report. (**R&R, ECF No. 94**.)

1. **Background**

The Court directs the parties to the background section in Judge Torres's Report, which outlines in detail the key factual and procedural developments of this case. (*See id.* at 2–4.)

As relevant here, pursuant to Munch's efforts to collect on her judgment, on July 20, 2022, the Clerk of Court issued writs of garnishment directed to Bank of America (ECF No. 69) and Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") (ECF No. 70). On July 22 and August 5, 2022, Bank of America and Merrill Lynch served their respective answers to the writs. (ECF Nos. 72, 76.)

---

[1] Allen's letter was docketed after the fourteen-day deadline for him to submit written objections to the report and recommendations should have passed. Moreover, it is unclear whether the letter was even directed at the report and recommendations, given that it is dated July 12, 2023, which is over two weeks before the report and recommendations issued. Notwithstanding the foregoing, the Court has reviewed and taken account of the letter in consideration of the fact that Allen is an elderly, pro se litigant.

On August 4, 2022, third-party, Jacqueline Frank, also appearing pro se, filed a motion to dissolve the writ of garnishment. (ECF No. 75.) Though specifically directed at the Bank of America writ, Frank's motion also mentioned issues with her and Allen's Merrill Lynch account. Frank argued that, though they were co-signatories on all each other's accounts, she and Allen were not legally related in any way.

On October 11, 2022, Munch moved for final judgment in garnishment as to Merrill Lynch, positing, among other things, that she had timely served all required notices on Allen, but that the latter had failed to timely respond. (*See* Mot. ¶¶ 6–7, ECF No. 79.) Munch did not move for final judgment in garnishment as to Bank of America.

Finally, on July 6, 2023, Allen, who had been silent throughout all the foregoing, filed a motion for release of funds, in which he informed the Court of Frank's passing and of his deteriorating health. (ECF No. 90.) Allen specifically requested release of the funds in both the Bank of America and Merrill Lynch accounts.

Judge Torres's July 28, 2023, Report addresses all three of the foregoing motions. As to the Bank of America accounts, Judge Torres recommended that Frank and Allen's respective motions be denied as moot because the writ of garnishment served on Bank of America automatically dissolved by operation of law upon Munch's failure to seek final judgment in garnishment as to Bank of America. (R&R 4–5, 9, ECF No. 94.) As to Merrill Lynch, however, Judge Torres recommended that Munch's motion for judgment in garnishment be granted, and, accordingly, that Frank and Allen's respective motions be denied. (*Id.* at 6–9.)

As noted above, Munch did not file any objections to Judge Torres's Report. On the other hand, Allen's letter docketed after the Report issued unsurprisingly reflects his dismay at the possibility that his funds may be garnished as a result of these proceedings. (*See* ECF No. 96.)

Given that neither party has objected to Judge Torres's Report as it pertains to the Bank of America accounts, and that, as Judge Torres explains, the funds in those accounts should now be available to Allen, the Court **adopts** that aspect of the Report in full. However, the Court **declines to adopt** Judge Torres's recommendations as to the Merrill Lynch account because it does not appear that Munch complied with the notice requirements of Fla. Stat. § 77.041. (**R&R, ECF No. 94**.)

2. **Legal Standard**

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically

identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999)).

### 3. Analysis

In federal court, "[t]he procedure on execution" of a money judgment "must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law sets forth those procedures, in large part, in Title VI, Chapter 77 of the Florida Statutes. As outlined by the Eleventh Circuit,

> Florida law provides that once a judgment is rendered in its favor, an entity has a right to seek a writ of garnishment. *See* Fla. Stat. § 77.01. Certain property is exempt from attachment, including retirement accounts. *See* Fla. Stat. §§ 77.041(1); 222.21(2)(a). Importantly here, ***a Florida judgment creditor is required to send the judgment debtor two garnishment-related notices***. First, the creditor must notify the debtor that if an exemption from garnishment applies, he "*must* complete a form for claim of exemption and request for hearing"—and, in particular, the debtor "*must*" do so within 20 days after receipt of the notice or he "may lose important rights." Fla. Stat. § 77.041 (emphasis added). Second, the creditor must notify the debtor that he "*must* move to dissolve the writ of garnishment within 20 days" after the date on the certificate of service. Fla. Stat. § 77.055 (emphasis added).

*Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 870 (11th Cir. 2018) (emphasis added).

Thus, to reiterate, to properly execute on the funds in the Merrill Lynch account, Munch was required to first send a notice to Allen upon application for the writ of garnishment that complied with Fla. Stat. § 77.041. Specifically, § 77.041(2) requires that a

> plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, **and**, if the defendant

>is an individual, the "Notice to Defendant" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.

Fla. Stat. § 77.041(2) (emphasis added). The contents of the required "Notice to Defendant," which are quite lengthy, in turn, are set forth in detail in § 77.041(1). Then, once the garnishee, here Merrill Lynch, served its answer on Munch, the latter was required to send a second notice to Allen in compliance with Fla. Stat. § 77.0555.

In her motion for final judgment in garnishment as to Merrill Lynch, Munch assures the Court that she "timely served the notices required by Fla. Stat. § 77.041(2) and Fla. Stat. § 77.055 upon Defendant/Judgment Debtor Charles B. Allen as well as non-party Jacqueline Frank [ECF Nos. 74 & 77]." (Mot. ¶¶ 6, ECF No. 79.) However, a review of docket entries 74 and 77 reveals that Munch never sent the notice required by § 77.041 and, instead, seems to have send two notices pursuant to Fla. Stat. § 77.055. Indeed, the notice at docket entry 74 is entitled "Judgement Creditor's Notice . . . Pursuant to Florida Statutes § 77.055" while that at docket entry 77 is entitled "Judgment Creditor's Notice to Defendant of Answer of Garnishee." Moreover, though the Court has reviewed the docket thoroughly, it has been unable to find any indication that Munch served Allen with the notice required by § 77.041.

Florida law is emphatic that "[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Branch Banking & Tr. Co. v. Carrerou*, 730 F. App'x 869, 871 (11th Cir. 2018) (quoting *Zivitz v. Zivitz*, 16 So. 3d 841 (Fla. 2d DCA 2009)); *see also Suntrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026, 1028 (Fla. 4th DCA 2016) ("Because garnishment is a proceeding in derogation of common law, the relevant statutes must be strictly construed."); *Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.*, 121 So. 3d 83, 86 (Fla. 3d DCA 2013) (same). In *Little Brownie Props. v. Wood*, for example, Florida's Florida Fifth District Court of Appeal affirmed an order dissolving two post-judgment writs of garnishment because the judgment creditor failed to timely comply with the notice provisions set forth in § 77.041. 328 So. 3d 1049, 1050 (Fla. 5th DCA 2021). Although the judgment creditor had served the defendants with the required notice, he did so five days after the period prescribed by § 77.041(2). *Id.* at 1050. The Fifth District explained that § 77.041(2) "contains no language permitting either substantial compliance or lack of prejudice to be considered in determining whether a plaintiff has complied with the statute." *Id.* at 1051.

Here, Munch cannot even argue substantial compliance or lack of prejudice because the notice required by § 77.041 was not sent to Allen at all.

In addition, the failure to serve Allen with the required notice is particularly egregious because he has appeared pro se throughout this entire case. *See also Highland Consulting Grp., Inc. v. Soule*, No. 19-cv-81636-Rosenberg/Reinhart, 2022 U.S. Dist. LEXIS 143270, at *3 (S.D. Fla. June 29, 2022) (Bruce Reinhart, Mag. J.) (concluding that writs of garnishment must be quashed because § 77.041(2) "contains no language permitting either substantial compliance or lack of prejudice to be considered in determining whether a plaintiff has complied with the statute"); *Bank of Am., N.A. v. Vegas Dental Corp.*, No. 18-23298-CIV, 2019 U.S. Dist. LEXIS 198562, at *5 (S.D. Fla. Nov. 14, 2019) (John J. O'Sullivan, Mag. J.) (concluding that plaintiff did not comply with the statutory notice requirement of § 77.041(1) where the notice language used did not match that in the statue and, instead, was obtained by the plaintiff from the United States Bankruptcy Court Southern District of Florida's website). Thus, the Court has no choice but to dissolve the writ of garnishment issued as to Merrill Lynch.

### 4. Conclusion

Accordingly, the Court **adopts in part and declines to adopt in part** the Report. (**R&R, ECF No. 94**.) Because the original writ of garnishment served on Merrill Lynch (ECF No. 70) is moot for failure to comply with Fla. Stat. § 77.041, Munch's motion for final judgment in garnishment against Merrill Lynch is **denied**. (**ECF No. 79**.) In addition, Frank and Allen's respective motions to dissolve writ of garnishment and for release of funds are **denied as moot** to the extent they pertain to Bank of America and **granted** to the extent they pertain to Merrill Lynch. (**ECF Nos. 75, 90**.) This ruling is without prejudice to Munch obtaining a new writ of garnishment for Merrill Lynch and complying with all the statutory requirements.

**Done and ordered** at Miami, Florida, on September 7, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Charles B. Allen
8403 Philadelphia Ave.
Spring Hill, FL 34608