UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-23530-Civ-SCOLA/TORRES

CHERYL LAMP MUNCH,

    *Plaintiff*,

v.

M/V *FOXIE*, 40-FOOT OCEAN TRAWLER,
CERTAIN UNAMED 35-FOOT ERICKSON SAILBOAT,
and CHARLES B. ALLEN,

    *Defendants*.

_____/

**REPORT AND RECOMMENDATION
ON PENDING MOTIONS**

This matter is before the Court on Cheryl Lamp Munch's ("Plaintiff") Motion for Final Judgment in Garnishment in connection with an account ending in 5176 held at Merrill Lynch, Pierece, Fenner & Smith ("Merrill Lynch"). [D.E. 104]. Also before the Court is pro-se Defendant Charles B. Allen's ("Mr. Allen") Motion to Dissolve Writ of Garnishment. [D.E. 103]. After careful consideration of the motions, the record presented, and the relevant authorities, Plaintiff's Motion for Final Judgment in Garnishment should be **GRANTED,** and Mr. Allen's motion should be **DENIED**.[1]

---

[1] These motions were referred by the Honorable Robert N. Scola to the undersigned for disposition. [D.E. 105].

## I.   BACKGROUND AND PROCEDURAL HISTORY

This case arose form a dispute over unpaid dockage fees for rental space owned by the Plaintiff. In essence, Mr. Allen ceased to make his monthly dockage payments and abandoned his vessels in Plaintiff's property, causing her damages in the form of owed arrears and costs stemming from the custody, storage, and ultimate disposal and destruction of the vessels.

On June 22, 2021, this Court entered an Order Adopting Magistrate Judge Order amending the Default Final Judgment in the amount of $69,580.58, with interest accruing thereafter by law at the statutory rate, in favor of Plaintiff and against Mr. Allen in this case. [D.E. 39] (the "Judgment"). On July 20, 2022, the Clerk of Court issued Writs of Garnishment directed to Bank of America and Merrill Lynch ("Garnishees") that were served on the Garnishees on July 21, 2022.

On July 22 and August 5, 2022, Bank of America and Merrill Lynch served their respective Answers to the Writs. [D.E. 72 & 76] (the "Answers"). Bank of America's Answer identified two bank accounts jointly owned by Mr. Allen and Ms. Frank: one ending in 4103 with a balance of $4,152.04, and one ending in 9160 with a balance of $920.56. [D.E. 72]. Merrill Lynch's Answer likewise disclosed indebtedness, as of July 27, 2022, in the approximate amount of $11,966.85 in the form of cash and securities maintained on an account jointly owned by Mr. Allen and Ms. Frank. [D.E. 76].

On August 4, 2022, however, non-party Jacqueline Frank filed a pro-se motion challenging the writs of garnishment and requesting their immediate dissolution.

[D.E. 75]. In her motion, Ms. Frank—who had known Mr. Allen for over 40 years—alleged that she, and not Mr. Allen, was the rightful owner of the garnished funds and, as such, her bank accounts should not be subjected to garnishment for Mr. Allen's individual debts. Among other things, Ms. Frank pointed out that the Bank of America's account ending in 4103 was opened in Connecticut and its funds derived from her IRA account and Social Security payments. *Id*. As to the Merrill Lynch funds, Ms. Frank explained that the account was an investment account, the funds of which were meant to be used only in dire circumstances. *Id*. On October 11, 2022, Plaintiff filed a motion for final judgment on the accounts. [D.E. 79].

On December 5, 2022, the undersigned issue a Report and Recommendation ("R&R") recommending that Plaintiff's motion for judgment in garnishment of the Merrill Lynch account be granted. [D.E. 83]. On December 12, 2022, Ms. Frank filed an objection to the R&R, stressing that she was not related to Mr. Allen and that the funds in the Merrill Lynch account were specifically reserved for their funeral and burial expenses. [D.E. 85]. Upon review of the objections, this Court remitted the R&R to the undersigned for further consideration and re-referred Plaintiff's motion for final judgment, noting that:

> [T]o the to the extent the Court deems Ms. Frank's challenge via motion valid, it would appear that the Plaintiff may not be entitled to garnish the entirety of the Merrill Lynch account because "in a joint tenancy with right of survivorship each party owns his or her separate share of the property such that a creditor of one joint owner may attach *that owner's share* of the account to satisfy that owner's debt." *Versace v. Uruven, LLC*, 348 So. 3d 610, 612 (Fla. 4th DCA 2022) (emphasis added).

[D.E. 88].

On July 6, 2023, Mr. Allen filed a pro-se letter styled a as motion for the release of funds. [D.E. 90]. In the letter/motion, Mr. Allen informed the Court that Ms. Frank passed away on June 29, 2023, and requested that the funds in the Merrill Lynch account, as well as those in the Bank of America account ending in 4103, be released. The motion explained that the funds were "our end of life funds", and that Mr. Allen was in poor health. *Id*.

On July 28, 2023, the undersigned issued another Report and Recommendation recommending that Plaintiff's motion for final judgment be granted and Mr. Allen's and Ms. Frank's motions for dissolution be denied. [D.E. 94]. The R&R found that the writ of garnishment issued upon Bank of America was automatically dissolved by operation of law, and that Mr. Allen, by virtue of his joint tenancy with rights of survivorship, was the undisputed sole owner of the funds following Ms. Frank's death. [D.E. 94 at 5]. Accordingly, the R&R recommended that all the funds in the Bank of America accounts be made availed to Mr. Allen immediately.

By that same token, the R&R also found that Mr. Allen was the sole owner of the Merrill Lynch funds, and that these funds did not fall under any of the statutory exemptions to garnishment. Accordingly, the R&R recommended granting Plaintiff's motion for final judgment on the Merrill Lynch account. *Id*. at 6–7.

Following that R&R, Mr. Allen filed a letter on the docket which the District Judge construed as an objection to the R&R. [D.E. 96]. On September 7, 2023, the District Judge issued an order adopting the R&R's recommendation as to the Bank

4

of America accounts but rejecting those pertaining to the Merrill Lynch account on the basis that Plaintiff had failed to comply with the notice requirements of Fla. Stat. § 77.041. [D.E. 97]. Thus, the District Judge dissolved the writ issued on Merrill Lynch without prejudice to Plaintiff obtaining a new writ. *Id.* at 5.

That same day, Plaintiff filed a new motion for writ of garnishment on the Merrill Lynch account, and the writ was issued on September 8, 2023. [D.E. 98 & 99]. On September 12, 2023, Plaintiff served Mr. Allen with the required Fla. Stat § 77.041 notice. [D.E. 100]. Mr. Allen did not file a claim of exemption. On September 26, 2023, Merrill Lynch served its answer to the writ disclosing indebtedness, as of September 8, 2023, in the approximate amount of $14,998.17. [D.E. 101]. On September 27, 2023, Plaintiff served Mr. Allen with the required Fla. Stat. § §77.055 notice. [D.E. 102]. Following service of the required notices, Plaintiff filed this second motion for final judgment. [D.E. 104].

On October 10, 2023, Mr. Allen filed a letter on the docket. [D.E. 103]. The letter echoes the claims made by Mr. Allen in his prior letter, [D.E. 90], noting that he is wheelchair bound, in poor health, and that he depends on the financial support of his children. In consideration of Mr. Allen's pro-se status, we construe this letter as a motion to dissolve the writ of garnishment. However, because "[t]he party seeking an exemption from garnishment has the burden of proving entitlement to the exemption," *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 197 So. 3d 137, 141 (Fla. Dist. Ct. App. 2016), and "garnishment statutes must be 'strictly construed,'" *Giron v. Loving Care Ret. Servs., Inc.*, No. 07-23309-CIV, 2009 WL 10712145, at *1 (S.D.

5

Fla. Sept. 15, 2009) (quoting *Gigliotti v. Traffic Control*, 788 So. 2d 1013, 1016 (Fla. 2d DCA 2001), we recommend that Plaintiff's motion for final judgment be **GRNATED** and Mr. Allen's motion to dissolve be **DENIED**.

## *II.      ANALYSIS*

As far as the Merrill Lynch account is concerned, we are unable to find a valid basis for dissolving the writ of garnishment. This conclusion follows from two main reasons: first, it is undisputed that Mr. Allen now owns the entirety of the funds in the Merrill Lynch account, and secondly, these funds do not fall under any of the recognized statutory exemption to garnishment.

First, the notice defects upon which the District Judge based its dissolution of the prior writ appeared to have been cured by the Plaintiff here. As noted earlier, the record indicates that upon issuance of the writ of garnishment on September 8, 2023, Plaintiff timely served upon Mr. Allen both of the notices required by the relevant Florida Statutes. *See* [D.E. 100 & 102].

Second, and as we noted in our prior R&R, Ms. Frank's factual objections to Plaintiff's equal share distribution argument over the Merrill Lynch account are now moot. *See, e.g., Allen v. Gordon*, 429 So. 2d 369, 370 (Fla. Dist. Ct. App. 1983) (departing from equal share analysis of a joint tenancy where the evidence "was sufficient to establish that [co-owner 1's] name was included on the signature cards strictly for the convenience of [co-owners 2 and 3]"). Unfortunately for Mr. Allen, the same legal principles of survivorship that entitle him to full ownership over the Bank of America accounts, also render any ownership dispute as to the Merrill Lynch

6

account unavailing. Upon Ms. Frank's regrettable passing, Mr. Allen became the sole title holder and owner of the Merrill Lynch funds. *See Beal Bank, SSB*, 780 So. 2d at 53 ("for purposes of survivorship, each joint tenant owns the whole ('per tout'), so that upon death the remainder of the estate passes to the survivor"). *See also* [D.E. 76 at 2 & D.E. 101 ¶3(a)] (indicating that Ms. Frank is now deceased ("DCSD") and expressly describing the account as a joint tenancy with rights of survivorship ("JTWROS")).[2]

As to any purported exemption to garnishment, it is undisputed that Mr. Allen failed to comply with the statutory deadlines governing the filing of claims of exemption. Indeed, despite receiving notice of service of the writs of garnishment, Mr. Allen did not timely serve a claim of exemption as required by Fla. Stat. § 77.041(1). *See Zivitz v. Zivitz*, 16 So. 3d 841, 848 (Fla. Dist. Ct. App. 2009) ("nothing precluded the trial court from concluding that [judgment debtor] had abandoned his homestead exemption claim over the monies [] by failing to timely file an exemption claim"); *Wiand for Valhalla Inv. Partners, L.P. v. Lee*, No. 8:10-CV-210-T-17MAP, 2013 WL 12198454, at *2 (M.D. Fla. Oct. 31, 2013) ("Florida courts rigidly apply Chapter 77's requirements. Indeed, Florida courts have consistently adhered to such a time-honored standard for both the judgment creditor and the judgment debtor, reasoning that garnishment is a creature of statute.").

---

[2] Furthermore, Mr. Allen does not contend that the Merrill Lynch funds actually belong to someone else, nor has any other non-party claimed ownership of the funds or moved for dissolution of the writ.

7

But even if we were to overlook the untimeliness of Mr. Allen's exemption claim, the motion still fails on its merits because the funds do not fall under any of the statutory exemptions to garnishment prescribed by Fla. Stat. § 77.041.

"Garnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Zivitz v. Zivitz*, 16 So. 3d 841, 847 (Fla. Dist. Ct. App. 2009). The exemptions from garnishment include wages that fall into the following categories: head of family wages, social security benefits, supplemental security income benefits, public assistance (welfare), workers' compensation, reemployment assistance or unemployment compensation, veterans' benefits, retirement or profit-sharing benefits or pension money, life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract, disability income benefits, prepaid college trust fund or medical savings account, or other exemptions as provided by law. Fla. Stat.§ 77.041(1).

As the record reflects, the funds in the custody of Garnishee Merrill Lynch were placed in an "investment account" that was "mainly dormant and only to be used in the most dire of circumstances." [D.E. 75]; *see also* [D.E. 85] (noting that the funds were "specifically designated for our funeral and burial expenses"). Mr. Allen has asserted that the writ should be dissolved immediately because the garnished funds are "end of life funds." [D.E. 90]. Unfortunately for Mr. Allen, the statutory provision that govern garnishment exemptions in Florida—and which we are obliged to strictly enforce—do not list this intended purpose as one of the limited exemptions from garnishment.

8

Mr. Allen is not a head of family, [D.E. 103] ("I am now reliant on my children to subsidize my mortgage and living expenses"), nor are the Merrill Lynch funds made up of his salary or wages. *See Brock v. Westport Recovery Corp.*, 832 So.2d. 209, 211–12 (Fla. 4th DCA 2002) (the head of family exemption did not apply because the funds received by debtor were not "salary or wages" which are subject to a continuing writ of garnishment). Mr. Allen appears to be in poor health, but the Merrill Lynch funds are not the product of his social security, disability, or other government benefits program. *See Giron v. Loving Care Ret. Servs., Inc.*, No. 07-23309-CIV, 2009 WL 10712145, at *2 (S.D. Fla. Sept. 15, 2009) (funds transferred to debtor by Social Security beneficiaries do not have protected status). And Mr. Allen appears to be experiencing economic troubles, but financial hardship is not a statutory exemption. *See Ricci v. Exch. Miami*, LLC, No. 1:18-CV-24146, 2020 WL 13401243, at *2 (S.D. Fla. Sept. 14, 2020) (denying motion to dissolve grounded on economic hardship because "[t]his too is not an exemption.").

Thus, even reading the statute in the light most favorable to Mr. Allen, we are unable to find a legal basis to dissolve Plaintiff's writ of garnishment. Although we empathize with Mr. Allen's unfortunate circumstances, our hands are tied by the plain language of the statute and its application to the situation at hand. *See Williams v. Espirito Santo Bank of Fla.*, 656 So.2d 212, 213 (Fla. 3d DCA 1995) ("It is fundamental that garnishment statutes must be strictly construed."). The fact remains that Mr. Allen is a judgment debtor because of an undisputed breach of contract that caused significant economic injury to the Plaintiff. In execution of this

outstanding judgment, Plaintiff has sought to garnish Mr. Allen's assets—as she is entitled to under the law—and we find no legal basis for denying her of this legal resource under the circumstances.

### III.   CONCLUSION

For the foregoing reasons, Mr. Allen's Motions to Dissolve the Writ of Garnishment and Release Funds [D.E. 103] should be **DENIED**, and Plaintiff's Motion for Final Judgment in Garnishment against Merrill Lynch [D.E. 104] should be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge.  Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.   28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 13th day of December, 2023.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge