United States District Court<br>
for the<br>
Southern District of Florida

| | |
|---|---|
| Cheryl Lamp Munch, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-23530-Civ-Scola |
| | ) |
| Charles B. Allen, et al., | ) |
| Defendants. | ) |

**Order on the Magistrate Judge's Report and Recommendations**

This matter is before the Court on Magistrate Judge Edwin G. Torres's December 13, 2023, report and recommendations (the "Report") on pending motions relating to the Plaintiff Cheryl Lamp Munch's efforts to collect on the judgment entered in this case in her favor and against the Defendant Charles B. Allen. (Rep. & Rec., ECF No. 106.) Munch did not file any objections to the Report. Allen, appearing pro se, filed a letter addressed to the Court to object. (*See* ECF Nos. 109, 110.) The Court has reviewed the Report and objections, the record, and the relevant legal authorities. For the reasons set forth below, the Court **adopts** the Report in full. (**Rep. & Rec., ECF No. 106**.)

1. **Background**

For full background on this matter, the Court directs the parties to the background and procedural history section in Judge Torres's Report, which outlines in detail the key factual and procedural developments of this case. (*See id.* at 2–6.) Pertinent here, in July 2022, the Clerk of Courts issued writs of garnishment directed at Merrill Lynch, Pierce, Fenner & Smith ("Merrill Lynch") and Bank of America. (ECF Nos. 69, 70.) Merrill Lynch and Bank of America, in their answers, identified accounts held jointly by Allen and Jacqueline Frank. (ECF Nos. 72, 76.) Frank, who was not a party to this matter, filed a pro se motion to dissolve the writs of garnishment (ECF No. 75), but while the matter was under consideration, Allen informed the Court that Frank had died. (ECF No. 90.)

On September 7, 2023, the Court issued an order, adopting Judge Torres's recommendation that the writ of garnishment directed at Bank of America automatically dissolved by operation of law. (*See* ECF Nos. 94, 97.) The Court declined to adopt the portion of Judge Torres's report related to the Merill Lynch account, and the Court dissolved the writ of garnishment directed at that account because Munch failed to comply with the notice requirements of

Fla. Stat. § 77.041. (ECF No. 97.) That same day, Munch filed a new motion for writ of garnishment directed at Merrill Lynch, and the writ was issued. (ECF Nos. 98, 99.) On September 12, 2023, Munch provided Allen the required notice under Fla. Stat. § 77.041. (ECF No. 100.) On September 26, 2023, Merrill Lynch filed its answer to the writ of garnishment (ECF No. 101), and the next day, Munch provided Allen the required notice under Fla. Stat. § 77.055. (ECF No. 102.) Allen did not file a claim of exemption.

After providing the required notices, Munch filed the second motion for final judgment at issue. (ECF No. 104.) Allen filed a letter on the docket, which the Court construes as a motion to dissolve the writ of garnishment. (ECF No. 103.) In his letter, Allen wrote that he is home-bound in a wheelchair, in poor health, and relies on his children for financial support. (*Id.*) Judge Torres issued the Report, recommending the Court grant the Plaintiff's motion for final judgment in garnishment and deny Allen's motion to dissolve the writ of garnishment. (ECF No. 106.) Allen then sent another letter, objecting to the Report. (ECF No. 109.) In the letter, Allen detailed his older age, deteriorating physical condition, and financial insecurity. (*Id.*) Substantively, he argued that Frank "was never a party to the civil actions" against him, and that his "only source of income is Social Security as is well known by the Plaintiff." (*Id.*)

## 2. Legal Standard

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a de novo determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783-84 (quoting *Heath*, 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir.1999)).

## 3. Analysis

In federal court, "[t]he procedure on execution" of a money judgment "must accord with the procedure of the state where the court is located[.]" Fed. R. Civ. P. 69(a)(1). Florida law sets forth those procedures, in large part, in Title VI, Chapter 77 of the Florida Statutes. As outlined by the Eleventh Circuit,

> Florida law provides that once a judgment is rendered in its favor, an entity has a right to seek a writ of garnishment. *See* Fla. Stat. § 77.01. Certain property is exempt from attachment, including retirement accounts. *See* Fla. Stat. §§ 77.041(1); 222.21(2)(a). Importantly here, a Florida judgment creditor is required to send the judgment debtor two garnishment-related notices. First, the creditor must notify the debtor that if an exemption from garnishment applies, he "*must* complete a form for claim of exemption and request for hearing"—and, in particular, the debtor "*must*" do so within 20 days after receipt of the notice or he "may lose important rights." Fla. Stat. § 77.041 (emphasis added). Second, the creditor must notify the debtor that he "*must* move to dissolve the writ of garnishment within 20 days" after the date on the certificate of service. Fla. Stat. § 77.055 (emphasis added).

*Branch Banking & Tr. Co. v. Carrerou,* 730 F. App'x 869, 870 (11th Cir. 2018). The Court agrees with Judge Torres that Munch has cured the prior notice defects and provided proper notice under both Fla. Stat. §§ 77.041 and 77.055. (*See* ECF No. 106 at 6) (citing ECF Nos. 100, 102.)

Next, the Court turns to the issue of Frank's joint ownership over the Merrill Lynch account. Because the account was held as a joint tenancy with right of survivorship and Frank has died (*see* ECF Nos. 90, 101), the Court agrees with Judge Torres's conclusion that "[u]pon Ms. Frank's regrettable passing," Allen became the sole owner of the Merrill Lynch account. (*Id.*) (citing *Beal Bank, SSB v. Almand & Assocs.,* 780 So. 2d 45, 53 (Fla. 2001)). Thus, any equal share argument has been rendered moot.

Finally, the Court examines whether Allen is entitled to an exemption to garnishment. Florida law is emphatic that "[g]arnishment proceedings are statutory in nature and require strict adherence to the provisions of the statute." *Carrerou,* 730 F. App'x at 871 (quoting *Zivitz v. Zivitz,* 16 So. 3d 841 (Fla. 2d DCA 2009)); *see also Suntrust Bank v. Arrow Energy, Inc.,* 199 So. 3d 1026, 1028 (Fla. 4th DCA 2016) ("Because garnishment is a proceeding in derogation of common law, the relevant statutes must be strictly construed."); *Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc.,* 121 So. 3d 83, 86 (Fla. 3d DCA 2013) (same). Allen, despite receiving notice, did not timely serve a claim of exemption. "Based on the principle of strict construction, the facts of this case, and the clear language of the garnishment statute," one must timely file an exemption to qualify for said exemption. *Zivitz,* 16 So. 3d at 847.

Nevertheless, on the merits, the Court agrees with Judge Torres that Allen does not qualify for an exemption. (Rep. & Rec. 8-10, ECF No. 106.) The only exemption Allen could plausibly qualify for, based on his filings to the Court, is the exemption for social security benefits. *See* Fla. Stat. § 77.041. However, the party seeking an exemption from garnishment has the burden of proving entitlement to the exemption. *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 197 So. 3d 137, 141 (Fla. 4th DCA 2016). Although Allen submitted bank statements attached to his objections, the bank statements fail to establish that the funds in the Merrill Lynch account are derived from social security payments. Thus, while the Court is sympathetic to Allen's circumstances, there is no basis to dissolve the writ of garnishment.

### 4. Conclusion

The Court **adopts in full** the Report. (**Rep. & Rec., ECF No. 106**.) Accordingly, Allen's motion to dissolve the writ of garnishment is **denied** (**ECF No. 103**), and Munch's motion for final judgment in garnishment against Merrill Lynch is **granted** (**ECF No. 104**).

**Done and ordered** at Miami, Florida, on March 21, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Charles B. Allen
8403 Philadelphia Ave.
Spring Hill, FL 34608